## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BUCK ANDREWS JOHNSON,     )
                     )
       **Plaintiff**        )
                     )
**vs.**                 )     **Case No. CIV-07-211-M**
                     )
**MICHAEL OFSACK, et al.,**     )
                     )
       **Defendants**     )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this suit under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Named as Defendants are Deputy Michael Ofsack, Deputy "Boo" LNU and other John Doe Defendants, the Sheriff of Oklahoma County and the Director of the Oklahoma Department of Corrections (DOC). Pursuant to an order entered by United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant DOC Director has filed a motion to dismiss/motion for summary judgment, and Plaintiff has filed a motion to strike the Director's motion and a conditional motion to dismiss the Director. Defendant DOC Director has responded to Plaintiff's motion to strike. Defendant Oklahoma County Sheriff in his official capacity has also filed a motion for summary judgment, and Plaintiff has responded to the motion. Thus, these matters are at issue and ready for disposition. For the reasons set forth herein, it is recommended that Defendant DOC Director's motion for summary judgment be granted, that Plaintiff's motion to strike the motion be denied, and that Defendant Oklahoma County Sheriff's motion for summary judgment in his official capacity be granted. Furthermore, Defendant Oklahoma County Sheriff in his individual capacity is

directed to show cause why he should not be found in default for failing to answer or otherwise respond to the complaint.  Finally, Plaintiff is granted a permissive extension of time to serve Defendants Ofsak and Robinson.

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections currently housed at Dick Conners Correctional Center in Hominy, Oklahoma.  However, his complaint stems from an incident which occurred on October 20, 2005,[1] at the Oklahoma County Detention Center after his conviction but while he was awaiting transfer to DOC custody.  Plaintiff alleges that on that date Defendant Ofsak lunged at him, grasped him by the neck,  squeezed, and then lifted him from the floor with enough force to cause him to lose consciousness. Complaint, p. 5.  In his first claim for relief, Plaintiff alleges that Defendant Ofsak committed the assault and battery while Defendant "Boo"[2] blocked the door shut and four other jail officers or deputies, identified only as John Does, stood by and watched. Id. at p. 4.  He claims this constituted excessive force under the Eighth Amendment, and was in violation of various Oklahoma statutes, including criminal statutes against assault and battery, conspiracy, and torture.  Complaint, p. 5-8.[3]  In his

---

[1]Although Plaintiff alleges that the incident occurred on November 11, 2005, this appears to be a mistake as the Special Investigations/Internal Affairs Unit Internal Investigation Report states that the incident occurred on October 20, 2005.  See Defendant Sheriff's Motion, Ex. 2.  In addition, the criminal charges filed against Defendant Ofsak stemming from the incident were filed on November **2**, 2005, making it a certainty that the November 11 date is incorrect.  See id. at Ex. 1.

[2]The undersigned notes that Plaintiff has moved for an amendment of the complaint "to conform to the evidence," claiming that he is now able to identify "Boo,"one of the John Doe defendants, as Roderick Robinson. [Doc. No. 31].  Plaintiff's motion is hereby granted, and Roderick Robinson is substituted for John Doe Defendant #1.  See Fed.R.Civ.P. 15(b).  Plaintiff specifically states that he does not wish to amend his complaint.

[3]Plaintiff neither used this Court's form complaint for civil rights actions filed by incarcerated persons, nor numbered the pages of the complaint he prepared; thus, the number references do not appear on the complaint but have been derived by counting the pages.

second claim for relief, he alleges that he was denied medical care following the assault, also in violation of the Eighth Amendment. Id. at 5-6.  He also claims that triple celling inmates, as he alleges is done at the Oklahoma County Detention Center, is per se unconstitutional.  Id. at 7.  As a third claim for relief, Plaintiff contends that Defendant Sheriff negligently failed to take disciplinary or other action to curb the physical abuse of inmates, and failed to alleviate overcrowding which he claims bred an environment of violence and abuse and proximately caused the assault.  Id. at 8.  In a fourth claim, he alleges that the Defendant DOC Director negligently caused his injuries by failing to alleviate overcrowding and the "backed up" inmate situation.  Id. at 8-9. Fifth, he claims that the failure of both the Defendant Sheriff and the Defendant DOC Director to conform to United States Supreme Court dicta in Estelle v. Gamble, 429 U.S. 97 (1976) caused the Eighth Amendment violations.  Id. at 9.  Sixth, and finally, he claims that the DOC Director and the Oklahoma County Sheriff conspired to purposely overcrowd the prisons, depriving him of a reasonably safe environment.  Id. at 9.

## I.  UNDISPUTED FACTS

Based upon the complaint, the special reports, and the evidentiary material appended to the various motions and responses filed herein, the following material facts are uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to Plaintiff.  Immaterial facts and facts not properly supported by the record have been omitted.

On October 20, 2005, Plaintiff was housed at the Oklahoma County Detention Center (OCDC) after having been convicted of second-degree burglary and various

robbery offenses.   CF-2004-5625, District Court of Oklahoma County; DOC Special Report, Att. 1.  In the evening hours of October 20, 2005, Detention Officer Michael Ofsak entered the cell in which Plaintiff was located, lunged at Plaintiff, and grasped him by the neck.  Complaint, p. 5.  He squeezed and lifted him from the floor, pushing with enough force so that Plaintiff lost consciousness.  Id.  The next morning, an OCDC officer brought Plaintiff a grievance form to complete regarding the incident.  On October 21, 2005, the Special Investigations Unit of the Oklahoma County Sheriff's Office was assigned to investigate the assault and battery, and on October 24, 2005 completed its investigation and recommended that disciplinary action against Michael Ofsak be taken. Sheriff's Office Special Report, Memo. from Frank Bone to Denver Kirby, dated Oct. 24, 2005 (attached to Defendant Sheriff's Motion) [Doc. 26-5, p. 77].  Ofsak was terminated on October 24, 2005, and on November 2, 2005, three counts of criminal misdemeanor assault and battery were filed; Ofsak pleaded guilty on March 2, 2006.  Sheriff's Office Special Report, Memo. from John Whetsel to Michael Ofsak, dated Oct. 24, 2005 [Doc. No. 26-6, p. 59]; Defendant Sheriff's Motion, Ex. 1, p. 1-2.  Following the assault and battery, Plaintiff was walked to the infirmary. Complaint, p. 5-6.  After waiting five hours while handcuffed to a bench in the infirmary, Plaintiff was not seen by a doctor, but was given an Ibuprofen and escorted back to his cell.  Id. at 6.

There is no evidence that the Oklahoma County Sheriff personally participated in the assault and battery, or was aware it was happening.  Plaintiff was transferred from the OCDC to the Lexington Assessment and Reception Center on November 30, 2005.  DOC's Special Report, Att. 2.  According to DOC policy, inmates cannot be transferred to DOC

custody until the Lexington Assessment and Reception Center receives a certified copy of the inmate's Judgment and Sentence.  Id. at Att. 4.  A copy of Plaintiff's Judgment and Sentence shows "Received 11-30-05 LARC BAP."  DOC Special Report, Att. 1, p. 3.  Three inmates are housed to a cell at the Oklahoma County Detention Center.  Complaint, p. 3; Plaintiff's Response to Defendant Sheriff's Motion, Exs. 3, 3b.

There is no evidence that Plaintiff suffered any physical injury that required treatment beyond the medication he received, and no evidence of any emotional injury.  There is no evidence that the housing of three inmates to each cell at the Oklahoma County Detention Center caused Plaintiff's injury.  There is no evidence of a conspiracy to keep inmates at OCDC.  The use of excessive force is against Oklahoma County Detention Center policy.  Sheriff's Office Special Report, OCDC Policy 3.3.1-08 Use of Force and Restraints [Doc. No. 26-5].  Michael Ofsak attended the Detention Officer Cadet Training Academy from June 20, 2005 to July 25, 2005, attending all classes. Sheriff's Office Special Report, Memo. from Sgt. Charles E. Grubbs, dated Nov. 7, 2005 [Doc. No. 26-7, p. 13].  The Sheriff's Office Policy and Procedures on use of force are reviewed extensively during training.  Id.  Excessive force and abuse of inmates is strongly discouraged and cadets are instilled with good ethical and moral conduct in the care of inmates.  Sheriff's Office Special Report, Memo. from Corp. Scott Kendrick, dated Nov. 7, 2005 [Doc. No. 26-7, p. 14].  Michael Ofsak was arrested along with three other men for public drunk following an altercation at a bar in September of 2001, but there is no other evidence of a prior arrest or conviction for assault and battery.  See Sheriff's Office

5

Special Report [Doc. 26-6, p. 28-39].  Plaintiff has not filed a grievance appeal regarding any issue with DOC.  Defendant DOC Director's Motion, Ex. 2.

## II.  STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. Calhoun v. Gaines, 982 F.2d 1470, 1472 (10th Cir. 1992); Manders v. Oklahoma, 875 F.2d 263, 264 (10th Cir. 1989).  A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).  "Material facts" are "facts that might affect the outcome of the suit under the governing law."  Id.

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Rather, the moving party initially bears the burden only of " 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact.  Id. at 324. The  nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement.  Anderson, 477 U.S. at 256.  Rather,  Fed. R. Civ. P. 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex</u>, 477 U.S. at 324.

## III.  DEFENDANT OKLAHOMA COUNTY SHERIFF'S MOTION

Defendant Oklahoma County Sheriff in his official capacity moves for summary judgment on several grounds.  First, he contends that there is no respondeat superior theory of liability under § 1983, and that Plaintiff has failed to show his personal involvement or actual knowledge and acquiescence in the assault and battery at issue. Defendant Sheriff's Motion, p. 4-5.  He also contends that he is not liable under the theory that he failed to train, because Plaintiff cannot identify any training deficit, much less one that was related to the incident forming the basis of Plaintiff's complaint. <u>Id.</u> at 6.  Defendant Sheriff also moves for summary judgment, contending that Plaintiff cannot show a serious medical need that was ignored by the OCDC's health care staff, and cannot show that Defendant Sheriff was deliberately indifferent to his health and safety. <u>Id.</u> at 7-8.  Defendant Sheriff also contends that Oklahoma County is not liable under a respondeat superior theory, and has no control over operation of the OCDC.   <u>Id.</u> at 6. Finally, Defendant Sheriff contends that Plaintiff's claim for equitable relief is moot by virtue of his transfer from the Oklahoma County Detention Center to DOC custody. Defendant Sheriff's Motion, p. 8.

Plaintiff responds that Defendant Sheriff's failure to alleviate overcrowding at the OCDC entitles him to relief.  Plaintiff's Response to Defendant Sheriff's Motion, p. 2.  He claims that overcrowding "stretch[es] responsibility," that training based upon normal capacity is ineffective in times of overcapacity, "implies" understaffing, and causes

deputies to be anxious and have "heightened fears of their personal security. Id. at 3-4. He also claims that Defendant Ofsak was hired "while standing convicted of Assault and Battery," and that while being prosecuted, Ofsak maintained that "his orders were to, 'snap fingers, break bones,' and more." Id. at 3.   He claims that Defendant Sheriff "sanctioned abuse of inmates, as will be proved at trial with the testimony of Michael Ofsak."   Id. at 4.   Plaintiff contends there was a complete "failure to train" as demonstrated by the fact that a choke hold was used, and the training program "merely mentions against the use of 'choke holds' and use of 'headlocks' twice." Id. at 5.

With regard to Oklahoma County, Plaintiff argues that it is responsible for the operation of the OCDC, citing the Oklahoma State Department of Health statutes regarding the operation of jail facilities. Id. at 5. Plaintiff claims that he suffers from a serious health condition in the form of headaches, anxiety, and symptoms of depression as a result of his "wounds." Id. at 6. He claims that he complained "after the injury (to the proper authority) of shortness of breath, dizziness, pain, and immobility; he was repeatedly denied appointments to develop a clear and concise record of his injuries." Id. at 6. As evidence of deliberate indifference, Plaintiff points to use of the choke hold by Defendant Ofsak while he was locked in his cell, his being "chained to a wall outside of the medical unit" while waiting to be seen by a doctor following the assault, Defendant "Boo" (Roderick Robinson) not taking any action during the assault, and the hiring of Ofsak despite his prior "criminal record of assaults and various batteries...." Id. at 7-8. Plaintiff contends that because lack of medical care and overcrowding were the

8

proximate cause of his injury, he is entitled to partial summary judgment against Defendant County Sheriff.  Plaintiff's Response to Defendant Sheriff's Motion, p. 9.

Based upon the undisputed facts above, the undersigned finds that Plaintiff has failed to show that Defendant Oklahoma County Sheriff in his official capacity has violated his federally protected rights.

At the outset, it must be noted that Defendant Sheriff is moving for summary judgment in his official capacity: "A [ 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." Watson v. Kansas City, 857 F.2d 690, 695 (10th Cir. 1988)(citations omitted).  When a plaintiff seeks to recover damages from an official in his or her official capacity or from a department of a governmental entity, the plaintiff's suit is one against the governmental entity alone. Kentucky v. Graham, 473 U.S. 159, 166 (1985).  "A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998)( citations omitted); see Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)(municipalities can only be held liable under section 1983 for "action pursuant to official municipal policy [or custom which] caused a constitutional tort").  Under this test, Plaintiff clearly cannot prevail. The only evidence before the Court is that the act of Defendant Ofsak on October 20, 2005, was forbidden by the policy governing the use of force.  Moreover, the evidence shows that Ofsak received training with regard to that policy.  Finally, once the assault

and battery was discovered, the incident was thoroughly investigated and Ofsak was both terminated from his position and criminally prosecuted for his actions.   Thus, the incident occurred *despite* policy – the policy was not the moving force behind it.

Plaintiff alleges in conclusory fashion that overcrowding was the cause of the assault and battery, but has come forward with no evidence to support his contention. He also claims that the fact that a choke hold was used is proof that the policy and/or training was insufficient.   However, that "a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably...."  Board of County Com'rs of Bryan County  v. Brown  520 U.S. 397, 406-407 (1997).  "[I]n keeping with the dictates of Monell ... 'rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee.'"  Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998).   If the fact of the assault and battery alone were sufficient, the requirement that a municipal policy be the moving force behind the violation would have no effect.

Plaintiff also requests, again in conclusory form, an additional thirty days so he "can attempt to provide the Ofsak testimony." Plaintiff's Response to Defendant Sheriff's Motion, p. 3.  Plaintiff claims that Ofsak stated "publicly in his own words, while being prosecuted for the convictions based on his Assault and Battery of me" that "he was 'following orders....'"  Id.  Plaintiff also claims that Ofsak can "provide testimony against Sheriff John Whetsel, as to what Whetsel ordered Ofsak to 'do to inmates' at trial."  Id.

10

However, three additional months have passed since Plaintiff's response to Defendant Sheriff's motion, moreover, his request for additional time is not sufficient to preclude entry of summary judgment.   "A party seeking to defer a ruling on summary judgment under Rule 56(f) must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.' A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must 'state with specificity how the additional material will rebut the summary judgment motion.'" <u>Libertarian Party of NM v. Herrera</u>, ___F.3d___, 2007 WL 3276851, at *3 (10th Cir. 2007).   Plaintiff has provided no affidavit under Fed.R.Civ.P. 56(f).

Finally, the undersigned finds that Defendant Sheriff is entitled to summary judgment on Plaintiff's claims for injunctive relief, as those are moot by virtue of his transfer from the OCDC to LARC in November of 2005. <u>Franklin v. Kansas Dept. of Corrections</u>, No. 05-3166, 160 Fed.Appx. 730, 734 (10th Cir. Dec. 23, 2005), <u>cert. denied</u>, 127 S. Ct. 1358 (2007) ("because Franklin has been transferred away from both LCF and HCF, his claims for injunctive relief are moot.");[4] <u>see</u> <u>McAlpine v. Thompson</u>, 187 F.3d 1213, 1215 (10th Cir.1999 ) (stating that release from prison generally moots claims for injunctive relief); <u>Love v. Summit County</u>, 776 F.2d 908, 910 n. 4 (10th Cir. 1985) (indicating that the general rule applies to a transfer between prisons).   Accordingly, it is recommended that Defendant Sheriff of Oklahoma County in his official capacity be granted summary judgment.   Because Defendant Sheriff of Oklahoma County has not

---

[4]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

moved for summary judgment in his individual capacity, any claims against him in that capacity remain.[5] Defendant Sheriff's failure to answer or otherwise respond in his individual capacity is addressed below.

## IV. DEFENDANT DOC DIRECTOR'S MOTION

Defendant DOC Director moves for summary judgment on several grounds.[6] First, Defendant Director contends that Plaintiff has failed to exhaust his administrative remedies as is required by 42 U.S.C. § 1997e(a).  DOC Director's Motion, p. 4.  Second, Defendant DOC Director claims immunity under the Eleventh Amendment for Plaintiff's official-capacity claims.  Id. at 5.  Next, Defendant Director contends that Plaintiff has failed to show an affirmative link between the assault and battery and other alleged conditions at the Oklahoma County Detention Center and the Defendant DOC Director. Id. at 5-6.  Fourth, Defendant Director claims that Plaintiff has failed to show any specific facts reflecting any agreement or concerted action between the DOC Director and anyone else to deprive Plaintiff of any federally protected right.  Complaint, p. 6-7. Fifth, the DOC Director contends that Plaintiff's claims for injunctive and declaratory relief are moot due to his transfer from the Oklahoma County Detention Center.  Id. at 7.  Finally, Defendant DOC Director moves for summary judgment on Plaintiff's tort claim on grounds that any

---

[5]Plaintiff has filed a motion for reconsideration of the Court's order allowing counsel for Defendant Sheriff in his official capacity to withdraw from his representation of Defendant Sheriff in his individual capacity. [Doc. No. 32].  That motion appears to be an appeal of the undersigned's order to Judge Miles-LaGrange.

[6]Although Defendant DOC Director has moved alternatively for either dismissal under Fed.R.Civ.P. 12(b)(6) or for summary judgment under Fed.R.Civ.P. 56(c), the undersigned has considered matters outside of the pleadings and so will proceed under the standard governing summary judgment motions.

State claim is improperly asserted, and that negligence on its own does not constitute a § 1983 claim. Id. at 8.

The undersigned finds that Plaintiff's claims against the Defendant DOC Director in his official capacity are banned by the Eleventh Amendment, and that the undisputed facts show that Plaintiff has failed to exhaust his administrative remedies. And as noted in connection with Defendant Sheriff's motion, Plaintiff's claims for injunctive relief regarding his treatment at OCDC have been mooted by his transfer from that facility. Accordingly, it is recommended that Plaintiff's claims against Defendant DOC Director be dismissed without prejudice, and it is unnecessary to address the remaining grounds in support of summary judgment.

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). This law "requires proper exhaustion" of the prison's administrative remedies. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2387 (2006).

DOC has created a multiple-step administrative review process. See Inmate/Offender Grievance Process, DOC OP-090124 (attached to Defendant DOC Director's Motion as Ex. 1). An inmate should initially attempt to informally resolve the claim with a staff member. See id. at p. 6. If that attempt is unsuccessful, an inmate may file an informal request to staff. See id. The prisoner can file a grievance if he is unhappy with the result or if authorities fail to respond within 30 days. See id. at p. 7.

If the inmate remains dissatisfied, he can appeal to the administrative review authority. See id. at pp. 10-11.

In this case, Plaintiff failed to file any grievance appeal with the administrative review authority regarding any claim asserted against the DOC Director.  See Defendant DOC Director's Motion, Ex. 2 (affidavit of Lavonna Bartling).  According to Lavonna Bartling, the Administrative Programs Officer for the Administrative Review Unit at DOC, Plaintiff never filed a grievance appeal regarding any issue from July 11, 2005 to the date her affidavit was signed, May 22, 2007.  Id.  Plaintiff does not dispute this evidence. Exhaustion is complete only when the grievance procedures are properly utilized, and the failure to complete the administrative exhaustion process is fatal.  See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the Prison Litigation Reform Act] for failure to exhaust his administrative remedies.").

Rather than responding to the merits of Defendant Director's claim that he has failed to exhaust his administrative remedies, Plaintiff has filed a "Motion to Strike Department of Corrections Motion for Summary Judgment." [Doc. No. 24].  In that motion, Plaintiff states that the only relief he sought from DOC was an injunction to prohibit it from transferring him into the custody of the Oklahoma County Detention Center.  Plaintiff's Motion to Strike, p. 1.[7]  He further states that he "moves herein to voluntarily withdraw Defendant, Department of Corrections from any cause of action, or

---

[7]However, this statement is not correct as Plaintiff attempts to allege the Director of DOC was responsible for the constitutional violations Plaintiff alleges and Plaintiff seeks monetary and punitive damages.

14

claim for relief." Id.  He seeks either an order striking the motion for summary judgment of the DOC Director or dismissal of all claims against the Defendant Director without prejudice.  Id. at 2.  Plaintiff contends that he added the Defendant Director "preparing for the worst case scenario...."  Id.  The undersigned notes that Plaintiff states that this is also the primary reason he previously filed a motion to dismiss the DOC if it would agree not to transfer him to the Oklahoma County Detention Center.  [Doc. No. 8],

Defendant DOC Director responds that he has no objection to dismissal from the lawsuit, but that he was served and therefore filed the motion for summary judgment in accordance with the Court's order in the case.  Defendant DOC Director's Response to Motion to Strike, p. 2.  Defendant Director contends that his motion contains nothing subjecting it to a motion to strike under Fed.R.Civ.P. 12(f), and requests that Plaintiff's motion be denied.

The undersigned agrees that a motion to strike is inappropriate.  The motion does not contain anything redundant, immaterial, impertinent, or scandalous, and it presents a meritorious defense. Fed.R.Civ.P. 12(f).  The undersigned finds that the better course is to deny Plaintiff's motion to strike and grant Defendant DOC Director's motion for summary judgment on grounds that Plaintiff has failed to exhaust his administrative remedies.  For the same reason, the undersigned recommends denial of Plaintiff's previous conditional motion to dismiss the DOC Director. The undersigned further finds that Plaintiff's claims against Defendant DOC Director in his official capacity are also subject to dismissal on grounds of Eleventh Amendment immunity. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)

(citations omitted) (explaining that a state official sued in his or her "official capacity" is generally entitled to assert the same immunities as the governmental entity for which the official works).  Thus, all of Plaintiff's claims against Defendant DOC Director are subject to dismissal without prejudice.  Accordingly, it is unnecessary to address the remaining grounds in support of Defendant DOC Director's motion for summary judgment.

## V.  ORDER TO SHOW CAUSE

As noted, Defendant Oklahoma County Sheriff has failed to answer or otherwise respond to Plaintiff's claims against him in his individual capacity.  Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.  That rule provides that an individual may be served by (1) delivering a copy of the summons and complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion residing therein; or (2) pursuant to the laws of the state in which the district court is located or in which service is effected.  Under Oklahoma law,  service is effectuated upon an individual by personal service by leaving the summons at the person's dwelling house or usual place of abode, or by delivery to an agent authorized by appointment or by law to receive service.  Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

There is a return of service on file from the United States Marshal showing that Defendant Whetsel was served with a summons herein by serving "Tina Isch, Personnel" at 201 N. Shartel, Oklahoma City, the address of the Oklahoma County Detention Center. [Doc. No. 15].  Thus, there is apparently no service in compliance with either Fed.R.Civ.P. 4(e)(2) or the Oklahoma statutory provision governing personal service.

However, such strict compliance with the Oklahoma provision is not always required. Kitchens v. Bryan County Nat'l Bank, 825 F.2d 248, 256 (10th Cir. 1987) (citing Williams v. Egan, 308 P.2d 273 (Okla. 1957) (overruling cases mandating strict compliance with notice statutes by requiring only substantial compliance with the applicable statutes)). Rather, Oklahoma case law establishes that service may be deemed valid if it is in substantial compliance with the law.  Graff v. Kelly, 814 P.2d 489, 495 (Okla. 1991). See also Shamblin v. Beasley, 967 P.2d 1200, 1209 (Okla. 1998) ("Service is not subject to invalidation for any departure from the mode prescribed by statute.").  The object of notice statutes such as Oklahoma's is merely to provide a method of notification which is "reasonably calculated to give [the defendant] knowledge at a meaningful time and in a meaningful manner of the attempted exercise of jurisdiction and an opportunity to be heard."  Kitchens, 825 F.2d at 256.  See also Okla. Stat. tit. 12 §2004(C)(6).  Here, Defendant Sheriff was both served and entered an appearance in his official capacity. Counsel for Defendant Sheriff initially entered an appearance for Defendant Sheriff in both his individual and official capacities, but on motion was allowed to withdraw his appearance on behalf of Defendant Sheriff in his individual capacity "subject to the condition that subsequent papers may continue to be served upon counsel for forwarding purposes until such time as [he] appears by other counsel or pro se." [Doc. No. 28].  Thus, the service in this case was reasonably calculated to give Defendant Sheriff in his individual capacity notice of the attempted exercise of jurisdiction in this case, and the Court has in fact directed that papers filed herein be forwarded to him.  Accordingly, the undersigned finds that Defendant Sheriff in his individual capacity has been served, but

has yet to answer or otherwise respond to the complaint.  As such, he is hereby directed to show cause within (30) thirty days of the date of this Report and Recommendation why he should not be found to be in default.

## VI.  FAILURE TO SERVE DEFENDANTS OFSAK AND ROBINSON

Finally, Plaintiff has failed to serve two of the identified Defendants. On March 23, 2007, summons were issued at the behest of Plaintiff for Defendants Ofsak and "Deputy Sheriff 'Boo' Robinson and were delivered to the United States Marshal for service.  [Doc. No. 12].  The summons for Defendant Ofsak was returned unexecuted on April 9, 2007, stating "have check with state probation and am unable to locate individual by name Ofsak, Michael, working for probation office." [Doc. No. 13].   The summons for Defendant "Deputy Sheriff Robinson 'Boo'" was returned unexecuted on April 20, 2007, stating "checked w/ personnel and supervisor.  No Robinson who goes by name of 'Boo' working at Sheriff's office." [Doc. No. 17].  Plaintiff apparently did not complete any additional service forms, or make any additional service efforts following the unexecuted returns as to these two Defendants. Plaintiff has not sought the issuance of summons for any of the remaining "John Doe" Defendants.

Plaintiff is required to serve each Defendant with a summons and a copy of the complaint.  See Fed.R.Civ.P. 4(c)(1).  If such service is not made within 120 days after filing of the complaint, the Court *sua sponte* or on motion may dismiss the action without prejudice.  Fed. R. Civ. P. 4(m).  Nine months have elapsed since the filing of this action, and although Plaintiff is a pro se litigant, he is required to follow the same rules of procedure governing other litigants.  Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

His failure to effect proper service within the time limits prescribed by Fed.R.Civ.P. 4(m) is thus grounds for dismissal of his pro se complaint in the absence of justification for the failure.  <u>Jones v. Frank</u>, 973 F.2d 872, 873-74 (10th Cir. 1992).

The Court's preliminary inquiry under Rule 4(m) is to determine if a Plaintiff has shown good cause for his failure to timely effect service.  <u>Espinoza v. United States</u>, 52 F.3d 838, 841 (10th Cir. 1995).  The Plaintiff has neither demonstrated cause for his failure nor asked for additional time to meet his obligation, despite the fact that Plaintiff has clearly been on notice that Defendants Ofsak and Robinson have not been served. Nonetheless, the Court must still consider whether a permissive extension of time is warranted.  <u>Id.</u>  In this case, the undersigned finds that a permissive extension is warranted for two reasons.  First, it appears that Plaintiff may have intended the United States Marshal to serve Defendant Ofsak through either Ofsak's probation officer or the Director of DOC, but the USMS apparently believed Ofsak to be an *employee* of the probation office.  Second, the precise identity of Defendant Robinson was not known at the time of the first service attempt.  Although Plaintiff is obligated to continue in his service attempts, these factors justify a short thirty-day permissive extension of time to serve Defendants Ofsak and Robinson.  If they have not been served within thirty days of the date of this Report and Recommendation, Plaintiff must show cause why they and the remaining John Doe Defendants should not be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

## <u>RECOMMENDATION</u>

For the reasons set forth above, it is recommended that Defendant Oklahoma County Sheriff's motion for summary judgment in his official capacity [Doc. No. 25-26] be granted, and Plaintiff's motion for partial summary judgment and motion for extension of time [Doc. No. 33] be denied.  It is further recommended that Defendant DOC Director's motion for summary judgment [Doc. No. 21] be granted and that Plaintiff's motion to dismiss [Doc. No. 8] and motion to strike [Doc. No. 24] be denied. Defendant Sheriff is hereby directed to show cause within thirty days of the date of this Report and Recommendation why he should not be found in default with regard to Plaintiff's individual-capacity claims due to his failure to answer or otherwise respond to the complaint.  Finally. Plaintiff is given a thirty-day extension of time to serve Defendants Ofsak and Robinson, or to show cause why service has not been effectuated in accordance with Fed.R.Civ.P. 4(m).  The parties are advised of their right to file an objection to this Report and  Recommendation with the Clerk of this Court by December 24, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 4th day of December, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE