## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BUCK ANDREWS JOHNSON,** )<br>)<br>**Plaintiff** )<br>)<br>**vs.** )<br>)<br>**MICHAEL OFSACK, et al.,** )<br>)<br>**Defendants** ) | **Case No. CIV-07-211-M** |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a state prisoner appearing pro se, brings this suit under 42 U.S.C. § 1983 alleging a violation of his constitutional rights.  Named as Defendants are Deputy Michael Ofsack, Deputy "Boo" Roderick Robinson, the Sheriff of Oklahoma County in his individual capacity, and other John Doe Defendants.[1]   Pursuant to an order entered by Chief United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant Whetsel in his individual capacity and Defendant Robinson have each moved for dismissal. In addition, Plaintiff has moved for summary judgment/default judgment against Defendant Whetsel in his individual capacity, Defendant Robinson, and Defendant Ofsak.  All parties other than Defendant Ofsak have responded; thus the matters are at issue and ready for

---

[1]Defendants Sheriff Whetsel in his official capacity and Director of the Oklahoma Department of Corrections were granted summary judgment on February 4, 2008. [Doc. Nos. 40, 49].

disposition.[2] For the reasons set forth herein, it is recommended that the motion to dismiss of Defendant Whetsel in his individual capacity be granted, and that the motion to dismiss of Defendant Robinson be denied.  It is also recommended that Plaintiff's motion for summary judgment/default judgment be denied.

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections currently housed at Cimarron Correctional Facility in Cushing, Oklahoma.  However, his complaint stems from an incident which occurred on October 20, 2005,[3] at the Oklahoma County Detention Center (OCDC) after his conviction but while he was awaiting transfer to DOC custody.  Plaintiff alleges that on that date Defendant Ofsak lunged at him, grasped him by the neck,  squeezed, and then lifted him from the floor with enough force to cause him to lose consciousness. Complaint, p. 5.  In his first claim for relief, Plaintiff alleges that Defendant Ofsak committed the assault and battery while Defendant "Boo" Roderick

---

[2]Plaintiff's initial responses to the dispositive motions filed by Defendants Whetsel and Robinson, and his motion for extension of time to respond to those dispositive motions, did not contain certificates of service showing that they had been served on all opposing parties. Accordingly, the undersigned entered an order directing Plaintiff to file certificates of service verifying that he had complied with Fed.R.Civ.P. 5, and advising him that failure to timely file the certificates would result in the subject filings being stricken. [Doc. No. 68, p. 2].  Plaintiff did not comply with the Court's order; instead he filed a second response to each of the dispositive motions filed by Defendants Whetsel and Robinson. [Doc. Nos. 69, 70].  Accordingly, Plaintiff's original responses and his motion for extension of time [Doc. Nos. 64, 66, 67] are hereby stricken.

[3]Although Plaintiff alleges that the incident occurred on November 11, 2005, this appears to be a mistake as the Special Investigations/Internal Affairs Unit Internal Investigation Report states that the incident occurred on October 20, 2005.  See Defendant Sheriff's Motion for Summary Judgment, Ex. 2. [Doc. No. 26].  In addition, the criminal charges filed against Defendant Ofsak stemming from the incident were filed on November **2**, 2005, making it a certainty that the November 11 date is incorrect. See id. at Ex. 1.  Plaintiff, in his response to Defendant Robinson's motion agrees that the incident occurred on October 20, 2005. [Doc. No. 69].

Robinson blocked the door shut and four other jail officers or deputies, identified only as John Does, stood by and watched. Id. at p. 4.  He claims this constituted excessive force under the Eighth Amendment, and was in violation of various Oklahoma statutes, including criminal statutes against assault and battery, conspiracy, and torture.  Complaint, p. 5-8.[4]  In his second claim for relief, he alleges that he was denied medical care following the assault, also in violation of the Eighth Amendment. Id. at 5-6.  He also claims that triple celling inmates, as he alleges is done at the Oklahoma County Detention Center, is per se unconstitutional.  Id. at 7.  As a third claim for relief, Plaintiff contends that Defendant Sheriff negligently failed to take disciplinary or other action to curb the physical abuse of inmates, and failed to alleviate overcrowding which he claims bred an environment of violence and abuse and proximately caused the assault. Id. at 8.  In a fourth claim, he alleges that a former Defendant, DOC Director, negligently caused his injuries by failing to alleviate overcrowding and the "backed up" inmate situation.  Id. at 8-9. Fifth, he claims that the failure of both the Defendant Sheriff and the Defendant DOC Director to conform to United States Supreme Court dicta in Estelle v. Gamble, 429 U.S. 97 (1976) caused the Eighth Amendment violations.  Id. at 9.  Sixth, and finally, he claims that the DOC Director and the Oklahoma County Sheriff conspired to purposely overcrowd the prisons, depriving him of a reasonably safe environment.  Id. at 9.

---

[4]Plaintiff neither used this Court's form complaint for civil rights actions filed by incarcerated persons, nor numbered the pages of the complaint he prepared; thus, the number references do not appear on the complaint but have been derived by counting the pages.

## I. PROCEDURAL HISTORY

As noted above, Defendant DOC Director and Defendant Whetsel in his official capacity previously filed dispositive motions. [Doc. Nos. 21, 25, 26]. In a Report and Recommendation dated December 4, 2007, the undersigned recommended that summary judgment be granted in favor of Defendant Oklahoma County Sheriff in his official capacity. [Doc. No. 40]. The undersigned found that the only evidence before the Court was that the act of Defendant Ofsak on October 20, 2005, was forbidden by the policy governing the use of force; that Ofsak received training with regard to that policy; and that once the assault and battery was discovered the incident was thoroughly investigated, Ofsak was terminated and criminally prosecuted for his actions. Thus, the undersigned concluded that official policy was not the moving force behind the incident, entitling Defendant Whetsel in his official capacity to summary judgment. [Doc. No. 40, p. 7-10]. The undersigned further found that Defendant Sheriff in his official capacity was entitled to summary judgment on Plaintiff's claims for injunctive relief, as those were mooted by his transfer from the OCDC in November of 2005.  Id. at 11.

In that same Report and Recommendation, the undersigned found that Plaintiff's claims against the Defendant DOC Director in his official capacity were barred by the Eleventh Amendment, and that the undisputed facts revealed that Plaintiff had failed to exhaust his administrative remedies.  And as noted in connection with Defendant Sheriff's motion, the undersigned also found Plaintiff's claims for injunctive relief regarding his treatment at OCDC to have been mooted by his transfer from that facility.  Accordingly, it

was recommended that Plaintiff's claims against Defendant DOC Director be dismissed without prejudice. [Doc. No. 40, p. 12-16].

Finally, the undersigned noted in the Report and Recommendation that Defendant Oklahoma County Sheriff in his individual capacity had failed to answer or otherwise respond to Plaintiff's claims, and so ordered him to show cause why he should not be found to be in default.  The Report and Recommendation was adopted by Judge Miles-LaGrange on February 4, 2008. [Doc. No. 49].

On December 12, 2007, Defendant Whetsel in his individual capacity responded to the order to show cause. [Doc. No. 42].  In his response, Defendant Whetsel individually stated that his failure to respond to the complaint was inadvertent.  Response, p. 2. Specifically, he contends that the administrative procedure for service of process on the Oklahoma County Sheriff in his various capacities – which has changed during the pendency of this action –  led to confusion which ultimately resulted in his failure to answer or respond in his individual capacity.

In considering the response to the order to show cause, the undersigned noted that counsel with the District Attorney's office initially entered an appearance for Defendant Whetsel in both his official and individual capacities, but then moved to withdraw from his representation of Defendant Whetsel individually. [Doc. No. 53, p. 3]. Although counsel from the District Attorney's office later entered an appearance for Defendant Whetsel in his individual capacity, Whetsel's motion for summary judgment was already pending. Id. Defendant Whetsel argued that this combination of events led to his failure to respond in his

individual capacity. Persuaded that the failure to respond to the Plaintiff's claims against Sheriff Whetsel individually was indeed inadvertent, and understandable given the circumstances, the undersigned found good cause and granted Defendant Whetsel leave to answer or otherwise respond to the complaint. Id. at 4-5.

## II. STANDARD GOVERNING MOTIONS TO DISMISS

Traditionally, a complaint has been subject to Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). However, in Twombly, the Supreme Court articulated a new "plausibility" standard for reviewing Rule 12(b)(6) motions to dismiss under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974; accord Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "Rather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (alterations omitted) (quoting Twombly, 127 S. Ct. at 1965) (evaluating pro se prisoner complaint under plausibility standard). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in

6

original).

A court considering the sufficiency of a complaint still must "accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Kay, 500 F.3d at 1218 (quoting Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002)).  Furthermore, a pro se complaint must be liberally construed and held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quotations omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the broad reading of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Thus, a reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); accord Twombly, 127 S. Ct. at 1964-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)).

## III.  MOTION TO DISMISS OF DEFENDANT WHETSEL IN HIS INDIVIDUAL CAPACITY

In his motion to dismiss,[5] Defendant Whetsel individually contends that Plaintiff has made no allegations that he personally participated in, had knowledge of, or acquiesced in any of the alleged wrongdoing.  Motion to Dismiss of Whetsel Individually, p. 3.  He claims that an allegation that he was the Sheriff responsible for the conduct of his deputies is insufficient personal participation under 42 U.S.C. § 1983.  Defendant Whetsel claims that he cannot be held liable under a theory of respondeat superior unless there is an affirmative link between his personal participation, exercise of control or direction, or failure to supervise and the alleged violation.  Id. at 5.  Finally, he claims that even if as a supervisor he should have known of the risk of harm, negligence does not state a §1983 claim.

Plaintiff responds that he "has shown by a Exhibit A-2, ("Review of County Jail Sought, Letter.); that Defendant Michael Ofsak, told the media, that he was told by Defendant John Whetsel, to follow his 'ORDERS', to : "snap fingers, break arms, smash faces, and crush skulls."  Plaintiff's Response to Motion to Dismiss of Whetsel, p. 1. [Doc. No. 70].  Thus, he contends that Defendant Whetsel personally participated in the incident by commanding Ofsak to violate Plaintiff's constitutional rights.  Id. at 3.  The undersigned notes that there is no Exhibit A-2 attached to Plaintiff's complaint, and no reference in the body of the complaint to these alleged statements of Defendant Ofsak to the media.

As stated by Defendant Whetsel, personal participation is necessary for individual liability under Section 1983.  Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976)

---

[5]Defendant Whetsel in his individual capacity was granted leave to file his motion out of time. [Doc. Nos. 42, 53].

("Personal participation is an essential allegation in a § 1983 claim." (citations omitted)).  In his complaint, Plaintiff has not pled any facts indicating personal participation by Sheriff Whetsel in the alleged violations. He alleges that as sheriff, Defendant Whetsel is responsible for medical care and the overall operation of the jail; that Defendant Whetsel failed to take action to curb knowledge of physical abuse of inmates; that he failed to alleviate overcrowding resulting in stress and overwork which bred an environment with a "greater chance" for violence and prisoner abuse; that he failed "to conform to U.S. Supreme Court dicta in Estelle [v. Gamble, 429 U.S. 321 (1976)]; and that Defendant Whetsel conspired with the Director of the Department of Corrections to overcrowd the prisons. Complaint, p. 6-9.  Thus, Plaintiff's  allegations are based upon Defendant Whetsel's responsibility over the Oklahoma County Detention Center.

In some cases, personal participation may exist through conduct taken as a supervisor. See, e.g., Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir. 1988). But for liability as a supervisor, Plaintiff must identify "an 'affirmative link' between the supervisor and the [constitutional] violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." Serna v. Colorado Department of Corrections, 455 F.3d 1146, 1151 (10th Cir. 2006) (citations omitted).  The Plaintiff must allege the link "in the complaint," Stidham v. Peace Officer Standards and Training, 265 F.3d 1144, 1157 (10th Cir. 2001), and base supervisory liability "'upon active unconstitutional behavior' and 'more than a mere right to control employees.'" Serna, 455 F.3d at 1153.

The facts alleged do not show an affirmative link between Sheriff Whetsel's alleged

actions and the assault by Defendant Ofsak.  Accordingly it is recommended that the Court dismiss the individual capacity claims against Defendant Whetsel for failure to adequately allege personal participation.  Trujillo v. Williams, 465 F.3d 1210, 1227-28 (10th Cir. 2006) (upholding dismissal of Section 1983 claims because the complaint did not indicate personal participation by the named defendants).  However, because amendment could potentially cure this defect, the dismissal should be without prejudice.  Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) (stating that dismissal without prejudice should result when a pro se litigant's pleading defects are potentially curable).

## IV.  MOTION TO DISMISS OF DEFENDANT ROBINSON

As a threshold matter, the undersigned notes that Defendant Robinson's motion comes several months after an answer or response was due based on the service date contained in the process receipt and return.  See Doc. No. 47. Defendant Robinson states in his special appearance and supplemental objection that "it is not clear whether Robinson was personally served or whether members of the personnel office accepted service on his behalf, Supplemental Objection, p. 2 n.1, but that past practice was for the personnel office to accept service on behalf of individual defendants.  Id.  He also states that any delay in responding to Plaintiff's complaint was due to a combination of the confusion created by the past practice of the personnel office accepting service and his departure from employment with the Sheriff's office; he states that he assumed that notice of the suit against him would be passed along by the Sheriff's office, and that he acted in "good faith at all times."  Id. at 2 and at n. 1.  Defendant Robinson contends there is no degree of actual prejudice to Plaintiff,

and that allowing a response out of time would not interfere in the judicial process.

A motion for an extension of time after the original time has expired may be granted if the party failed to act because of excusable neglect.  See Fed. R. Civ. P. 6(b)(1)(B).  Under this standard, the pertinent factors are:

·   danger of prejudice to the other parties,

·   length of the delay and its potential impact on the judicial proceedings,

·   reason for the delay, and

·   good faith on the part of the party.

Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993).  An application of these factors supports a finding of excusable neglect on Defendant Robinson's part.

Here, although the length of delay is substantial, there is no significant impact on the judicial proceedings; one Defendant has yet to be served, and there is no scheduling order or pending deadline that will be affected by Defendant Robinson's tardy response. Defendant Robinson has given a reasonable explanation for the delay, that is (1) the change in policy with regard to service upon employees of the Sheriff's office; and (2) Robinson's subsequent departure from his employment there. Defendant Robinson represents to the Court that he has acted in good faith, and there is no indication to the contrary. Accordingly, Defendant Robinson is hereby granted leave to file his motion to dismiss out of time.

Defendant Robinson raises three grounds in support of his motion to dismiss.  First, Defendant Robinson alleges that Plaintiff has failed to properly serve him. Defendant

Robinson's Special Appearance, Objection to Plaintiff's Motion Judgment or Default Judgment, and Cross Motion to Dismiss, p. 1-2 (Defendant Robinson's Motion) [Doc. No. 59]. Second, he claims that the statute of limitations has expired with regard to any claim against him. Id. at 2-4. Finally, he contends that Plaintiff has failed to affirmatively link him to any constitutional violation. Id. at 4.

First, the undersigned notes that Defendant Robinson now concedes in a supplementary brief that he was either personally served or served in accordance with the past practice of the Sheriff's office, and that he had notice of Plaintiff's suit against him at the time he left his employment with the Sheriff's office based upon his statement that he assumed "notice of the suit" would be passed along and that the Sheriff's office had made arrangements for his representation by counsel. Robinson's Supplemental Objection, p. 2 and at n. 1. Thus, based upon theses subsequent statements, dismissal on grounds of improper service is not warranted.

Defendant Robinson's second ground for dismissal is based upon the statute of limitations. He claims that the two-year statute of limitations[6] expired on Plaintiff's claim against him on October 20, 2007, and that the Plaintiff did not file a complaint naming him as a defendant by that date. He further claims that "a subsequent amendment to add

---

[6]The period of limitations for a § 1983 action is governed by the forum state's statute for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that the statute of limitations for § 1983 is based upon the applicable state law limitations for a private tort action), superseded by statute on other grounds, as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-78 (2004). Thus, in Oklahoma, the limitations period for § 1983 actions is two years. See Okla. Stat. tit. 12, § 95(3); see also Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988).

Robinson as a named defendant does not relate back to the filing of the original complaint." Defendant Robinson's Motion, p. 2.  In particular, he claims that all requirements of Rule 15(c)(3) must be met before an amended complaint identifying a defendant who had been previously designated by an alias or as "John Doe" can relate back to the date of the original complaint.  Id.

Although Defendant Robinson is correct that an amendment for the purpose of identifying an alias or "John Doe" defendant is tantamount to adding a party and does not automatically relate back, relation back is not an issue in this case because Plaintiff amended his complaint before the expiration of the applicable statute of limitations. On July 10, 2007, Plaintiff filed his "Motion for Leave to Amend Complaint to Conform to the Evidence," stating that he wished to amend the complaint to identify Roderick Robinson as the defendant he had previously identified only as John Doe Defendant #1. [Doc. No. 31].  Although Plaintiff cited Fed.R.Civ.P. 15(b) and (c) as authority for his request to amend, Plaintiff had an absolute  right to amend his complaint at that time. Fed.R.Civ.P. 15(a)(1)(A)("A party may amend its pleading once as a matter of course ... before being served with a responsive pleading"). As of July 10, 2007, no answer or responsive pleading had yet been filed. [See Doc. No. 1-30].[7]

---

[7]Although Defendants Oklahoma Department of Corrections and Sheriff Whetsel in his official capacity had filed motions to dismiss and/or a motion for summary judgment at the time Plaintiff amended his complaint to name Defendant Robinson,  those were not responsive pleadings that cut off Plaintiff's right to amend without leave of court. Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1131 (10th Cir.1994) ("Because defendants' motions to dismiss or for summary judgment were not responsive pleadings, [plaintiff] could have amended her complaint prior to dismissal without requesting or receiving leave of the court.").

Moreover, a plaintiff does not lose his right to amend simply because he unnecessarily seeks leave. See e.g. Stewart v. RCA Corp., 790 F.2d 624, 631 (7th Cir.1986) (plaintiff "did not lose his right to amend the complaint by asking leave; the district court was obliged to grant this unnecessary request"). Although Plaintiff did not file a new amended complaint, his motion for leave contains the precise change he wished to make to his complaint; to identify Robinson as John Doe defendant #1.  The Court never instructed Plaintiff to file a new complaint, and Plaintiff apparently believed that such was not necessary given the very minimal change he had made.  See Doc. No. 31 ("Plaintiff does not wish to amend the pleadings or add argument.").  Although Plaintiff is responsible for complying with the applicable rules of procedure, he is also entitled to a liberal construction of his pleadings. In Savage v. North Carolina Dept. of Correction, No. 5:06-CV-171-FL, 2007 WL 2904182 (E.D.N.C. Sept. 29, 2007), the defendants also argued that a pro se plaintiff's failure to file a new consolidated complaint was problematic.  Id. at *13.  The Court noted the preferred practice of filing a complaint consolidating the original and amended allegations, but found that some leeway was justified in light of the plaintiff's pro se status:

> There is no question that plaintiff could have indicated more clearly his intent to add to and not waive the claims in the original complaint by expressly incorporating them by reference into amendment to the complaint or, better yet, by preparing a single consolidated amended complaint containing all his claims. However, as a pro se litigant, particularly one who has unsuccessfully sought counsel and appears to be striving to comply with the rules, plaintiff is entitled to some degree of leeway in matters of form.

Id. at *13.  Here, Plaintiff had the right to amend his complaint on July 10, 2007. Although he did not file a new, single consolidated complaint, his motion for leave specifically sets

14

forth what is to be amended, that is, changing "John Doe Defendant #1" to "Roderick Robinson Defendant #2."

In the Report and Recommendation dated December 4, 2007, the undersigned acknowledged the amendment naming Defendant Robinson and extended the time allowed to serve him under Fed.R.Civ.P. 4(m) by thirty days. [Doc. No. 40, p. 2 n. 2, 19].[8] Plaintiff requested a summons for Defendant Robinson on December 26, 2007, [Doc. No. 44], and it was issued that same date. [Doc. No. 47, p. 2].  The United States Marshals Service received the summons the following day, [Doc. No. 47], and the process return and receipt states that the USMS personally served Roderick Robinson on January 7, 2008, at 11:00 a.m.  Id. Plaintiff has shown cause for any failure to effect proper service within the exact time limit in light of the fact that the summons was received by the USMS a week prior to the Rule 4(m) deadline as extended, and Plaintiff had no control over the timing of service after that point.  Plaintiff's Amended Objection Motion to Defendant Robinson's Cross Motion to Dismiss, p. 2 [Doc. No. 69]; Process Receipt and Return, Doc. No. 47, p. 1; see Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).  Accordingly, Plaintiff amended his complaint prior to expiration of the limitations period to denominate Defendant Robinson as a John Doe defendant, and Defendant Robinson's motion to dismiss on the basis of the

---

[8]Although the footnote in the previous Report and Recommendation states that Plaintiff's motion is "hereby granted," Plaintiff clearly intended  to amend his complaint to name Defendant Robinson on July 10, 2007, and such was his right as a matter of course at that point in the litigation. To hold that the complaint was not actually amended until the Court addressed Plaintiff's unnecessary motion for leave would effectively deny Plaintiff's right to amend as a matter of course.

15

statute of limitations should therefore be denied.

Finally, Defendant Robinson moves for dismissal on grounds that Plaintiff has failed to adequately allege his personal participation in the violation of Plaintiff's constitutional rights. Defendant Robinson's Special Appearance, Objection to Plaintiff's Motion Judgment or Default Judgment, and Cross Motion to Dismiss, p. 4. Plaintiff responds that he did allege Defendant Robinson's personal participation in the alleged use of excessive force, specifically that Robinson put his weight against Plaintiff's cell door in order to keep it closed while Defendant Ofsak physically assaulted him. Plaintiff's Amended Objection Motion to Defendant Robinson's Cross Motion to Dismiss, p. 4. The undersigned agrees with Plaintiff.

In the complaint, Plaintiff alleges that:

Deputy Officer "Big Boo" [later identified as Defendant Robinson] was told by Ofsak, his superior officer, to "close the (cell) door and put (his) weight against it" to trap the inmates. Officer "Big Boo" weighed approximately 350 lbs.

Officer "Big Boo" complied with the plan of Officer Ofsak by blocking the door shut.

All of the other deputies stood by deliberately indifferent and watched, doing nothing to stop the assault/torture about to happen.

Complaint, p. 4. Plaintiff alleges that after the assault, Defendant Ofsak ordered "Big Boo" to "Open the door." Id. at 5. The undersigned finds that these are sufficient allegations of personal participation by Robinson. As stated by the Tenth Circuit Court of Appeals:

Personal involvement is not limited solely to situations where a defendant violates a plaintiff's rights by physically placing hands on him. ... An officer

16

> who fails to intervene to prevent a fellow officer's excessive use of force may
> be liable under § 1983. <u>Mick v. Brewer</u>, 76 F.3d 1127, 1136 (10th Cir.1996).

<u>Fogarty v. Gallegos</u>, 523 F.3d 1147, 1162 (10th Cir. 2008). Here, Plaintiff not only alleges

Defendant Robinson's acquiescence, but his facilitation of the assault by holding the door

shut. Accordingly, it is recommended that Defendant Robinson's motion to dismiss on this

ground be denied.

## V. PLAINTIFF'S MOTION TO REQUIRE DEFENSE COUNSEL'S WITHDRAWAL

Plaintiff has also filed a motion for the Court to require counsel for Defendant

Robinson to withdraw from his representation due to a "lack of authority." [Doc. No.73].

He contends that the Oklahoma County District Attorney's office has no authority to

represent Robinson in his individual capacity, and in support notes that a prior Assistant

District Attorney sought withdrawal of his representation of Defendant Whetsel in his

individual capacity stating that he had no authority to do so. Motion for Requirement of

Defendant R. Robinson's Defense Counsel to Withdraw from Representing R. Robinson in

this Complaint Due to Lack of Authority Allowed, p. 1.

Defendant Robinson first argues that Plaintiff has no standing to object to his

counsel's representation; second, he argues that there is no conflict under the Oklahoma

Rules of Professional Conduct. Defendant Robinson's Response Re: Motion for Requirement

... to Withdraw, p. 1-2.

Although Plaintiff may not have standing to argue a conflict of interest affecting a

third party, this Court has the inherent discretion to disqualify an attorney who is appearing

before it for an ethical violation.  <u>Rubio v. BNSF Railway Co</u>., 548 F.Supp.2d 1220, 1222 (D.N.M. 2008).  Accordingly, the undersigned will turn to the merits.  Although Plaintiff is correct as to the stated grounds for former counsel's withdrawal, [Doc. No. 27], subsequent filings indicate that the policy of the Oklahoma County District Attorney has changed regarding representation of defendants in both their official and individual capacities, allowing joint representation when no conflict exists. [Doc. No. 42, p. 2].  Moreover, the official capacity action against Defendant Whetsel has been dismissed, and all that remain are claims against the various Defendants in their individual capacities.  Furthermore, the Tenth Circuit Court of Appeals has held that separate representation is not necessarily required even if both individual and official capacity claims have been brought:

> Given the potential conflict between the defenses available to a government official sued in his individual and official capacities, we have admonished that separate representation for the official in his two capacities is a "wise precaution." Although we did not hold that the potential for conflict mandates separate representation, we did hold it was not error to allow separate representation. While some courts have held separate representation is required in the face of the potential conflict, we decline to adopt a per se rule. We hold that when a potential conflict exists because of the different defenses available to a government official sued in his official and individual capacities, it is permissible, but not required, for the official to have separate counsel for his two capacities. Obviously, if the potential conflict matures into an actual material conflict, separate representation would be required.

<u>Johnson v. Board of County Com'rs for County of Fremont</u>, 85 F.3d 489, 493 (10th Cir. 1996) (citations omitted).  Accordingly, Plaintiff's motion to require withdrawal of counsel for Defendant Robinson is hereby denied.

## VI.  PLAINTIFF'S MOTIONS FOR SUMMARY/DEFAULT JUDGMENT

Plaintiff has also moved for "summary judgment or default judgment" against Defendants Ofsak, Robinson, and Sheriff Whetsel in his individual capacity. [Doc. No. 56]. The basis of Plaintiff's motion is the alleged failure of these three Defendants to respond to the complaint.  Accordingly, the undersigned construes Plaintiff's motion as a motion for default judgment rather than a motion for summary judgment.  Plaintiff has not complied with the rules governing summary judgment motions, and does not argue for relief under the standards attendant to that procedure.  See Fed.R.Civ.P. 56, Local Civil Rule 56.1. Furthermore, the undersigned finds Plaintiff's motion for default judgment to be without merit as to all three Defendants, and therefore recommends that it be denied.

When a defendant fails to "plead or otherwise defend," and that failure is shown by affidavit or otherwise, default must be entered by the clerk of the court.  Fed. R. Civ. P. 55(a).  Thereafter, the prevailing party may ask the Court to enter default judgment.  See Fed. R. Civ. P. 55(b)(2). Without an entry of default, the Court cannot grant judgment.  See Garrett v. Seymour, No. 06-7029, 217 Fed. Appx. 835, 838 (10th Cir. Feb. 23, 2007) (the clerk's entry of default is a prerequisite for the entry of a default judgment).[9]  Here, no default has been entered.  Moreover, it appears that the Court Clerk lacks any grounds to do so.

First, Defendant Whetsel's failure to answer or otherwise respond was noted in the

---

[9]This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

Report and Recommendation of December 4, 2007, and he was directed to show cause why he should not be found in default. [Doc. No. 40, p. 16-18].  After receiving the response to the order to show cause, the undersigned granted leave for Defendant Whetsel to answer or otherwise respond out of time. [Doc. Nos. 42, 53].  Thereafter, Defendant Whetsel filed a motion to dismiss within the time limit set in the order granting leave to respond out of time. Accordingly, Defendant Whetsel in his individual capacity is not in default.

Second, as discussed above, Defendant Robinson has been granted leave to file his dispositive motion out of time because his failure to respond was due to excusable neglect. Therefore, he is not in default.

Finally, the docket does not reflect that service has been made upon Defendant Ofsak. See Doc. Nos. 13, 46, 48.  Although the docket shows that the most recent summons was returned executed, the process receipt and return shows that the summons directed service upon "Mike Ofsak et al" at "James L. Hughes Jr. Law Office." [Doc. No. 48].  Moreover, the process receipt and return shows that the summons was served upon "Public Defenders Office" at an address different from that listed on either the praecipe or the summons. Id. The return also does not identify to whom the summons was given.  Id.

The praecipe upon which Plaintiff requested the summons states that the name of the defendant to be served is "James Hughes, Ofsak Atty." [Doc. No. 44].  However, there is no indication that "James Hughes" either represents Defendant Ofsak or has agreed to accept service on his behalf.  Even if there were something showing Mr. Hughes' authority to accept service on behalf of Defendant Ofsak, it cannot even be determined whether Mr. Hughes

received notice of this action because (1) the return shows service at a different address; and (2) fails to give the name and title of the individual who was served.  Accordingly, Plaintiff cannot show proper service, and Defendant Ofsak is therefore not in default for his failure to appear. For this same reason, it is recommended that Plaintiff's "Motion to Advance Cause for Summary Judgment Against Defendant Michael Ofsak in Both his Official and Individual Capacities" be denied [Doc. No. 71]; the basis of the motion is Defendant Ofsak's failure to appear and defend, and it is therefore without merit.  By separate order, the undersigned will address Plaintiff's failure to serve Defendant Ofsak.

## RECOMMENDATION

For the reasons set forth above, it is recommended that the motion to dismiss of Defendant Whetsel in his individual capacity [Doc. No. 54] be granted and that the action against him be dismissed without prejudice.  It is further recommended that the motion to dismiss of Defendant Robinson [Doc. No. 59] be denied. It is also recommended that Plaintiff's motion for summary judgment/default judgment [Doc. No. 56] and Plaintiff's motion to "Advance Cause for Summary Judgment Against Defendant Michael A. Ofsak" [Doc. No. 71] be denied.  Lastly, the Plaintiff's motion to require defense counsel to withdraw [Doc. No. 73] is denied.  The parties are advised of their right to file an objection to this Report and  Recommendation with the Clerk of this Court by February 23, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. Moore v. United

States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 3ʳᵈ day of February, 2009.**


_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE