# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BUCK ANDREWS JOHNSON,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | Case No. CIV-07-211-M |
| ) | |
| **MICHAEL OFSACK, et al.,** ) | |
| ) | |
| **Defendants** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this suit under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Pursuant to an order entered by Chief United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Before the Court is Plaintiff's failure to obtain service on Defendant Ofsak, and "John Doe-Officers, defendants 3, 4, 5, and 6." On February 3, 2009, the undersigned granted Plaintiff one final extension of time to effectuate service on Ofsak and the John Doe defendants. [Doc. No. 75]. A review of the docket in this case reveals that service has still not been accomplished. The undersigned notes that Plaintiff has made two service attempts on Defendant Ofsak since the filing of this action, neither of which have been successful. [Doc. Nos. 13, 46, 48]. Of course, no attempts have been made on the unidentified John Doe defendants.

As noted in the Report and Recommendation dated December 4, 2007, Plaintiff first attempted to serve Defendant Ofsak through either Ofsak's probation officer or the Director

of DOC, but the United States Marshal's Service (USMS) apparently understood Plaintiff to mean that Ofsak was an employee of the probation office and unsuccessfully attempted service based on that misunderstanding. [Doc. Nos. 12, 13]. After receiving a permissive extension of the Rule 4(m) service period, Plaintiff made a second attempt to serve Defendant Ofsak; the praecipe filed by Plaintiff gave two alternative addresses for Ofsak. [Doc. No. 44]. A receipt and return of the summons pursuant to the first address showed that it was unexecuted, and noted that the address provided was a business address and that Defendant Ofsak was not employed there. [Doc. No. 46]. The receipt and return for the second address shows that service was executed. [Doc. No. 48]. However, review of the praecipe shows that it was not addressed to Ofsak but to "James Hughes, Ofsak Atty," and the return shows the summons was delivered to the "Public Defender's Office" at an address not listed on the praecipe. It also omits the name of the individual served there. No other service attempts appear in the record, and Plaintiff's latest request for service papers was in December 2007.

As Plaintiff has been advised on more than one occasion, he is required to serve each Defendant with a summons and a copy of the complaint. See Fed.R.Civ.P. 4(c)(1). If such service is not made within 120 days after filing of the complaint, the Court sua sponte or on motion may dismiss the action without prejudice. Fed. R. Civ. P. 4(m). During the pendency of this action, Plaintiff has made only two service attempts on Defendant Ofsak: one within the initial 120-day period, and one following the Court's permissive extension of the deadline. In the previous order extending the deadline for service, Plaintiff was advised that

despite his pro se status, he is required to follow the same rules of procedure governing other litigants. Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). He was also warned that his failure to effect proper service within the time limits prescribed by Fed.R.Civ.P. 4(m) would be grounds for dismissal of his pro se complaint in the absence of justification for the failure. Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992). Over two years have now elapsed since the filing of this action with no service upon Defendant Ofsak or the John Doe Defendants.

As noted previously, the preliminary inquiry under Rule 4(m) is to determine whether a plaintiff has shown good cause for his failure to timely effect service. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). In his motion to require counsel to provide an address for Defendant Ofsak, Plaintiff stated that the cause for his failure to serve is "false and misleading" addresses provided by Defendant Whetsel and Whetsel's counsel. Plaintiff did not indicate how or when he received the addresses, and the undersigned notes that the only interrogatories served by Plaintiff and appearing in the record did not seek such information. [Doc. No. 23]. The undersigned found that without more, Plaintiff's bald assertion that he has been unable to effect service because the addresses provided were false and misleading did not constitute cause for an extension.

In determining whether Plaintiff has nonetheless shown good cause for an extension, the undersigned has considered whether the statute of limitations would bar a refiled action if Plaintiff's claims against Ofsak were dismissed without prejudice. See Espinoza, 52 F.3d at 841. Because Plaintiff's complaint against Defendant Ofsak appears to have been timely,

Oklahoma's savings statute would permit refiling of the claims against Ofsak within one year.[1] Thus, this factor does not support cause for an additional extension of time for service. Furthermore, complexity of service is not a factor in this case because service does not involve the United States, and there is nothing else complex about the applicable service procedure. Finally, there is nothing in the record indicating that Defendant Ofsak is avoiding service, and so this factor also does not support another "for cause" extension of the Rule 4(m) deadline. See Hendry v. Schneider, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'"). Thus, neither Plaintiff's difficulty in obtaining Ofsak's address nor the other factors traditionally considered demonstrate cause for an extension of the service period.

Nonetheless, the Court must still consider whether yet another permissive extension of time is warranted. Espinoza, 52 F.3d at 841-42. In considering this, the undersigned notes that Plaintiff has already been given two permissive extensions, and that his service attempt within the extended period has been unsuccessful because he does not have Ofsak's current address. In reviewing this case for purposes of this Report and Recommendation, the undersigned has found nothing to indicate that additional time to serve Ofsak would be of any benefit given the current state of knowledge as to his whereabouts. Although the undersigned is sensitive to the special service obstacles presented by Plaintiff's incarceration,

---

[1] See Okla. Stat. tit. 12 § 100; see also Mott v. Carlson, 786 P.2d 1247, 1248 (Okla. 1990) (stating that a suit dismissed for failure to serve a summons under state law may be refiled within one year under Okla. Stat. tit. 12 § 100); cf. Grider v. USX Corp., 847 P.2d 779, 783 (Okla. 1993) (Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma").

the deadline for service cannot be repeatedly or indefinitely extended simply because Ofsak's location is unknown.

Furthermore, in the previous order granting one final permissive extension of time, Plaintiff was directed to immediately complete the appropriate service papers and provide a copy of the extension order to the Clerk of Court. The Clerk of Court was directed to then issue a summons, attach a copy of the order, and provide both to the USMS. Upon receipt of the summons for Michael Ofsak, the USMS was authorized to contact the Oklahoma County Sheriff /Oklahoma County Detention Center (Ofsak's former place of employment) to obtain a last known address for Ofsak.  Furthermore, in light of Defendant Ofsak's rather uncommon name, the undersigned also found it reasonable in this case for the USMS to search for Michael Ofsak in a public internet listing of Oklahoma residential addresses.

However, despite these specific directions, Plaintiff has failed to present any completed service papers to the Clerk of Court. Without Plaintiff's initiative, there is nothing more the Court can do to assist Plaintiff in his efforts to serve Defendant Ofsak and the John Doe defendants. Plaintiff has had more than enough time to avail himself of the assistance of the USMS, and Plaintiff has not demonstrated that he has made any further service attempts whatsoever.

In light of the foregoing, an additional extension of time to serve Defendants Ofsak and the John Doe defendants should not be granted.  It is instead recommended that all of Plaintiff's claims against Defendant Ofsak, and "John Doe-Officers, defendants 3, 4, 5, and 6 be dismissed without prejudice pursuant to Rule 4(m) based upon Plaintiff's failure to

timely serve them. Krueger v. Doe, No. 98-6144, 1998 WL 717286 (10th Cir. October 14, 1998) (upholding dismissal of pro se prisoner's complaint for failure to effect service on a defendant even though the statute of limitations had likely expired, and despite the fact that the plaintiff had made substantial effort to locate the defendant.)[2]

**RECOMMENDATION**

For the reasons set forth above, it is recommended that all of Plaintiff's claims against Defendant Ofsak, and "John Doe-Officers, defendants 3, 4, 5, and 6" be dismissed without prejudice pursuant to Rule 4(m). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 19, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). If this Report and Recommendation is adopted, it is further recommended that the parties be given a specific date by which they could consent to the undersigned magistrate judge conducting all further proceedings. In the event the parties do not consent to the undersigned handling further proceedings, it is recommended that the case be placed on Judge Miles-LaGrange's trial docket, an appropriate scheduling order entered, and counsel be appointed to represent Plaintiff if he so requests and if he qualifies for said

---

[2] Unpublished disposition cited in accordance with Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

appointment.

**DATED THIS 29th DAY OF APRIL, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

appointment.

**DATED THIS 29th DAY OF APRIL, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE